IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

MICHAEL J. BAISDEN

                Plaintiff,

v.                                                     CIVIL ACTION NO.  2:08-cv-01375

CSC-PA, INC., et al.,

                Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the court is the plaintiff's Motion for Leave to Amend Complaint [Docket 55]. The Motion is **GRANTED**.

On April 14, 2009, the court entered a scheduling order in this case providing that amended pleadings were due by May 21, 2009 [Docket 16]. The plaintiff's Motion to Amend, filed on October 14, 2009, is nearly five months overdue. While Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that amendment should be freely given "when justice so requires," Rule 16(b)(4) authorizes modification of a scheduling order "only for good cause and with the judge's consent." This court has previously explained that to amend a pleading after the time for such amendment has passed in the scheduling order, the party seeking amendment must first satisfy the "good cause" standard of Rule 16. If that standard is met, then the moving party must also meet the requirements of Rule 15. *Stewart v. Coyne Textile Services*, 212 F.R.D. 494, 495-96 (S.D. W. Va. 2003).

Regarding Rule 16's "good cause" standard, this court has previously stated that

> Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension. Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief. Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification.

*Stewart*, 212 F.R.D. at 496 (internal quotation marks and alterations omitted).

Rule 15(a) of the Federal Rules of Civil Procedure provides that, after time for amendment as a matter of course has passed, leave of the court must be obtained to amend a pleading. The Rule states that "[t]he court should freely give leave when justice so requires." "The law is well settled 'that leave to amend a pleading should be denied *only when* the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile.'" *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999) (quoting *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986)).

Here, the plaintiff seeks to amend the Complaint in two respects. First, he seeks to add Troy Dolan as a defendant. Second, he seeks to supplement Count I with a breach-of-contract claim for unpaid commissions. The plaintiff contends that he has been diligent and that the reason for the delay in seeking amendment is due to the defendants' obstructive conduct. Furthermore, he asserts that amending the Complaint will not prejudice the defendants. The defendants contend that the plaintiff has failed to exercise diligence in shaping his claims and that he "has not learned anything in discovery that has led to this amendment." (Defs.' Resp. 4.)

*I. Adding Troy Dolan as a Defendant*

Baisden has shown good cause for his delay in seeking to amend the Complaint. Throughout the course of this litigation, the defendants have refused to produce relevant discovery. Indeed, it

has taken two separate orders from this court to compel their compliance. Baisden has been diligent in his efforts, and has thus shown good cause for the delay. He has satisfied the requirements of Rule 16.

Furthermore, Baisden has satisfied Rule 15(a). The Fourth Circuit "reads Rule 15(a) to mean that leave to amend should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or amendment would be futile." *Matrix Capital Mgmt. Fund, LP v. BearingPoint, Inc.*, 576 F.3d 172, 193 (4th Cir. 2009). Baisden contends that when he inspected commission records, "there were numerous invoices for sales made to the Plaintiff's customers which were not produced pursuant to [the court order], and that [Troy] Dolan took commission and upon invoices which contained the Plaintiff's salesperson number." (Reply to Mot. Dismiss 3.) There is no evidence that adding Troy Dolan as a defendant will prejudice the defendants, that there has been any bad faith on behalf of Baisden, or that amendment would be futile. As such, justice requires allowing the amendment.

*II. Additional Language*

Baisden also seeks to add the following language to Count I: "The Defendants are further in breach of contract for failure to properly pay Mr. Baisden his commissions per their contractual agreement." (Mot. Am. Compl., Ex. 1 at ¶ 14.) As stated above, good cause exists because the defendants have delayed in producing discoverable documents. Furthermore, justice requires allowing the amendment. Adding the proposed language should not prejudice the defendants, as the added language is consistent with Baisden's allegations throughout this litigation. And there is no evidence that Baisden has acted in bad faith.

Baisden's Motion to Amend [Docket 55] is **GRANTED**. To provide adequate time for discovery resulting from the amendment, the court **VACATES** its September 17, 2009 Amended Scheduling Order [Docket 49]. An amended scheduling order will follow.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

        ENTER:       November 20, 2009

_____
Joseph R. Goodwin, Chief Judge